**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                **v.**          **08-CR-69S(Sr)**

**QUENTIN LEEPER, et al,**

       **Defendants.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #60.

## PRELIMINARY STATEMENT

Before the Court is defendant Quentin Leeper's omnibus motion for discovery.  Dkt. #114.  In addition to the relief sought in their own separately filed motions, each of which will be the subject of a separate Decision and Order, defendants Ronquike Maisonet, Major Anthony Newton and Dion D. Knight join in the aforementioned motion filed by defendant Quentin Leeper.  *See* Dkt. ## 125-127. Defendant Raymond Hodnett filed a Notice to Join Motion wherein he does not seek separate relief, rather he seeks to join in the instant motion filed by Quentin Leeper's attorney.  Dkt. #123. Thereafter, the government filed a consolidated response to all of the pending motions, including the above-described motions for discovery.  Dkt. #132. At the conclusion of its consolidated response, the government has made a request for

reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. *Id*. Each of the defendant's requests and the government's response will be separately addressed below using the headings set forth in defendant's motion. The following Decision and Order will principally address defendant Quentin Leeper's motion for discovery but will apply with equal force to those defendants who have "joined" in the relief sought by defendant Quentin Leeper. The Court notes that the motion filed by defendant Quentin Leeper's attorney also included a motion to suppress electronic evidence obtained pursuant to an electronic eavesdropping warrant; this Court's Report, Recommendation and Order concerning defendant Quentin Leeper's motion to suppress (as well as a motion to suppress filed by defendant Newton (Dkt. #126)) was filed on August 12, 2009. Dkt. #160. For the following reasons, defendant Leeper's motion for discovery is granted in part and denied in part.

## DISCUSSION AND ANALYSIS

Defendants Quentin J. Leeper, Ronquike E. Maisonet, Raymond A. Hodnett, Major Anthony Newton, and Dion D. Knight are charged along with six co-defendants in a multi-count Superceding Indictment with having violated Title 21, United States Code, Sections 841(a)(1), 846 and 853(a) and Title 18, United States Code, Section 2. Dkt. ## 1 (Indictment) and 66 (Superceding Indictment). As a threshold matter, the defendant suggests that although the government has provided some voluntary discovery to defendant, some discovery is outstanding. Dkt. #114. In its response, the government states:

> [t]he government contends that it had provided, pursuant to
> voluntary discovery and requests made by defendants, the
> wiretap application, affidavit, warrant, sealing order, search
> warrant and inventories and affidavits thereto, preliminary
> laboratory reports, two DVDs containing all pertinent
> conversations, and transcripts thereof, constituting all
> material presently within its possession that is within the
> purview of Rule 16 and in compliance with Rule 12(b)(4)(B)
> and believes that discovery is thereby complete.

Dkt. #132, ¶ 4 (internal footnote omitted).

**"Evidence to Establish a Conspiracy"**

Defendant requests each and every statement of a co-conspirator upon which the government intends to rely at trial to demonstrate the existence of a conspiracy. Dkt. #114, ¶ 6. The government has declined to produce such statements on the grounds that the production of such statements is "outside the purview of Rule 16." See Dkt. #132, ¶ 4 and n.3. While Rule 16 of the Federal Rules of Criminal Procedure provides for liberal discovery of the defendant's own statements, Rule 16 does not authorize the disclosure of statements made by co-conspirators, co-defendants or witnesses. *See United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). Indeed, Rule 16(a)(2) states:

> **Information Not Subject to Disclosure.** Except as Rule
> 16(a)(1) provides otherwise, this rule does not authorize the
> discovery or inspection of reports, memoranda, or other
> internal government documents made by an attorney for the
> government or other government agent in connection with
> investigating or prosecuting the case. **Nor does this rule
> authorize the discovery or inspection of statements**

**made by prospective government witnesses except as
provided in 18 U.S.C. § 3500**.

Fed. R. Crim. P. 16(a)(2) (emphasis added).

Therefore, defendant's request for disclosure of co-conspirator statements as evidence to establish a conspiracy is DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to Title 18, United States Code, Section 3500 ("*Jencks* Act").

**"Bill of Particulars"**

The defendant asserts that he requires the information (bill of particulars) sought in the seventy-nine (79) separately lettered paragraphs set forth in his motion, "in order to adequately prepare a defense and avoid surprise at trial." Dkt. #114, ¶¶ 8a-8aaaa. In response, the government maintains that the Indictment (and Superceding Indictment), together with the discovery provided is more than sufficient and that the demand for a bill of particulars is unwarranted. Moreover, the government states, "[t]he volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy ... " Dkt. #132, ¶ 17.

The defendant's request for a bill of particulars is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v.*

*United States*, 273 U.S. 77 (1927).  The charges in the Superceding Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**"Identity of Informants"**

In support of his request for the disclosure of the identity of the informants, the defendant claims that a review of the material disclosed by the government reveals that many of the informants referenced were "participants in the

criminality alleged in the Indictment." Dkt. #114, ¶ 9. Moreover, the defendant

contends that "in order to prepare an adequate defense it is necessary that informant

identities be revealed so that counsel may attempt to interview them and otherwise

investigate their allegations, biases, and benefits derived from cooperating with the

government." *Id*. at ¶ 10. In its response, the government declines to provide the

identity of its informants stating that the defendant has failed to assert a basis to

warrant compliance with the request. Dkt. #132, ¶ 9.


    The defendant has failed to sufficiently state a basis for requiring the

disclosure of this information or that the testimony of the informant would be of even

marginal value to the defendant's case. As a result, the holding of the Court of Appeals

for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert.*

*denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein

the Court stated:

> The leading Supreme Court case on this question, *Roviaro*
> *v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639
> (1957), holds that
>
> > [w]here the disclosure of an informant's
> > identity, or of the contents of his
> > communication, is relevant and helpful to the
> > defense of an accused, or is essential to the
> > fair determination of a cause, the [informant's]
> > privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that
> "no fixed rule with respect to disclosure is justifiable." *Id.* at
> 62, 77 S.Ct. at 628. What is required is "balancing the
> public interest in protecting the flow of information against
> the individual's right to prepare his defense." *Id.* Whether

non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show

that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).

Because the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

## **"Giglio Material"**

Within his broad request labeled "Giglio Material," defendant seeks disclosure of eight categories (with sub-categories) of documents and information including, *inter alia*, "all immunity transaction [sic] with witness [sic], prospective witnesses, or co-defendants in this case ..." and "evidence obtained from or relating to any government informant which is arguably exculpatory in nature ..." Dkt. #114, ¶¶ 11(a) - 11(h). Thus, the Court will treat this request as one for *Giglio* and *Brady* material. Counsel for the government has acknowledged his affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses. Moreover, counsel for the government further acknowledges its continuing duty to produce such material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Counsel for the government does not, however, agree that defendant's itemized requests properly fall within the cited authority. Dkt. #132, ¶¶ 14-15. Defendant has made a separate request for the early disclosure of *Jencks* Act material, that request will be addressed below.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* defendant's request is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**"Eavesdropping"**

Under the heading "Eavesdropping," the defendant seeks the production of four categories of documents, specifically, progress reports, minimization instructions, "line sheets" and transcripts. Dkt. #114, ¶¶ 21-34. As noted in the government's response and elsewhere in this Decision and Order, the government has previously provided to counsel for the defendant transcripts of the pertinent conversations obtained pursuant to the electronic eavesdropping warrant. Dkt. #132, ¶ 4. In addition, in his opening remarks at the December 11, 2008 oral argument, counsel for the government noted that just prior to the commencement of oral argument, he had provided counsel for the defendants with copies of, *inter alia*, progress minutes/reports that were provided to the judge who issued the underlying warrant and the minimization instructions. With respect to defendant's request for "line sheets" (which this Court interprets to mean log notes), this request appears to be conditioned on the fact that at the time of the filing of the instant motion, the government had not yet provided the minimization instructions. Since that time, however, the government has provided to counsel for the defendants the minimization instructions. Thus, based on the representations made by counsel for the government in its response to the instant motion and during the December 11, 2008 oral argument, defendant's requests are DENIED as moot.

**"Audibility Hearing"**

Defendant has requested an audibility hearing "to determine whether any tapes that the government seeks to introduce at trial are audible." Dkt. #114, ¶ 35. The defendant does not, however, specifically identify any telephone conversations he believes to be inaudible. In its response, the government notes that notwithstanding the fact that defendant refers to the audio recordings as "tapes," all the wiretap conversations were recorded in digital format and provided to defendants on a DVD. Dkt. #132, ¶ 24. Moreover, the government indicates that it would have no opposition to the Court's review of the recordings intended to be offered by the government. *Id*. However, the government believes that all of the recordings provided to the defendant are audible. *Id*. Insofar as the defendant has not specifically identified a single recording that he believes is inaudible, defendant's request for an audibility hearing is DENIED without prejudice to the right to re-apply for such relief after the recordings have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court.

To the extent that the government has not already done so, the government is hereby directed to identify those recordings that it intends to use at the trial of the defendant and to have transcripts of those recordings prepared. Once such transcripts have been prepared, counsel for the government shall supply copies of the designated recordings and respective transcripts to counsel for the defendant. Counsel for the defendant is hereby directed to review the aforesaid recordings and transcripts after receipt of same, and upon completion of such review, make known to counsel for

the government those portions of the aforesaid recordings that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the recordings in question and the correctness of the transcripts of such recordings. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

**"Early Disclosure of _Jencks_ Act Material"**

The defendant seeks to have this Court order that the government is to provide him with "all statements and reports within [sic] meaning of the Jencks Act, 18 U.S.C.§ 3500, not less than forty-eight hours prior to the trial in this case." Dkt. #114, ¶ 59. Title 18 U.S.C. §3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination. In its response, the government states, "[t]he government agrees to provide impeachment <u>Brady</u> material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the <u>Jencks Act</u> material." Dkt. #132, ¶ 16. Accordingly, it appears from the government's response to the instant motion that the

government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order to be issued by the trial judge. Thus, insofar as the government's policy of turning information over "no later than one week prior to the commencement of trial" exceeds the relief requested by the defendant, *to wit*, the production of *Jencks* Act material forty-eight hours prior to trial, the defendant's request is GRANTED.

## "Statements"

The defendant seeks the production of "any written, recorded, oral or observed statement of the defendant or attributed to any defendant (and of all uncharged co-defendants or co-conspirators) including notes, summaries or memoranda concerning such statements." Dkt. #114, ¶ 64. Additionally, the defendant seeks the production of the transcripts of grand jury testimony given by any defendant or "uncharged co-defendant or co-conspirator." *Id*. at ¶ 65. Finally, defendant seeks the production of "any hearsay evidence intended by the prosecutor to be introduced at trial." *Id*. at ¶ 66.

In its response, the government states, "[a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government

agent." Dkt. #132, ¶ 4. Based upon the government's response that it has previously produced or will produce statements of the defendant, that portion of defendant's request relating to such statements is DENIED as moot.

With respect to the defendant's request for statements made by "uncharged co-defendants or co-conspirators," the Court notes that the phrase "uncharged co-defendant is legally incorrect insofar as a co-defendant, as that term suggests, must, in order to be a "co-defendant," be "charged." For purposes of addressing this request, the Court will treat the request as one for the production of witness statements. The government states in its response that it will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses consistent with the requirements set forth in Title 18, United States Code, Section 3500. The Court notes that the government has previously represented that *Jencks* Act material will be produced no later than one week prior to the commencement of trial. Dkt. #132, ¶ 16. The Court further notes that elsewhere in his motion for discovery, the defendant sought the production of co-conspirator statements and as set forth above in this Decision and Order, such request is DENIED. Accordingly, defendant's request for the production of witness statements is DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to the *Jencks* Act or constitute *Brady* material. Finally, defendant's request for the production of the grand jury testimony of any of the defendants and uncharged co-conspirators is similarly DENIED, except insofar as those statements may otherwise be subject to disclosure pursuant to the *Jencks* Act or as *Brady* material.

**"Scientific"**

The defendant seeks the production of any reports concerning any physical or mental examination or scientific test or experiment relating to this case. Dkt. #114, ¶ 67. In addition, the defendant seeks the production of a summary of the testimony of any proposed expert witness, the data about which the expert will testify, the bases for the opinion evidence and a curriculum vitae for any proposed expert witness. *Id*. at ¶¶ 68-69. In its response the government indicated that the results and reports of physical and mental examinations and of scientific tests and experiments conducted in connection with this matter have been made available to defendants. Dkt. #132, ¶ 4. Additionally, the government stated that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705. *Id*. at ¶ 5. Accordingly, based on the government's representation that the requested items either have been made available or will be provided to defendant, defendant's request is DENIED as moot.

**"Grand Jury"**

Defendant requests,

[a]ll records of the formation of the grand juries to hear the charges herein, including documents relating to its impanelment and disbandment, attendance, the testimony heard by the grand jury, instructions to the grand jury, the portions of the grand jury minute book or similar record of the proceedings related to the original indictment, any report or records of the grand jury as to its vote or disposition of the

charges including any reports of a "no true bill" with respect
to any of the accused herein.

Dkt. #114, ¶ 70.  It is a long-established rule that  "[t]he burden. . . is on the defense to

show that 'a particularized need' exists for the minutes [of the grand jury] which

outweighs the policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S.

395, 400 (1959).  Here, the defendant has made no attempt to demonstrate the

requisite "particularized need."  The Court notes, as it has elsewhere in this Decision

and Order, that transcripts of grand jury testimony of witnesses called by the

government to testify at trial must be made available to the defendant pursuant to and

in accordance with Title 18, United States Code, Section 3500.  It is further noted that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1974).  Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).


The Jury Selection and Service Act of 1968, Title 28, United States Code,

Section 1861 *et seq.*, provides the exclusive method whereby a defendant may

challenge a court's compliance with jury selection procedures.  Title 28, United States

Code, Section 1867(a) provides for strict time limitations in connection with a challenge

to a petit and/or grand jury.

> In criminal cases, before the voir dire examination begins or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Title 28, United States Code, Section 1867(a). A defendant must file his or her motion alleging noncompliance with the Jury Selection and Service Act of 1968 within the requisite seven day period or the objection to the jury composition is waived. *United States v. Ovalle*, 136 F.3d 1092, 1107 (6th Cir. 1998); *United States v. Webster*, 639 F.2d 174, 480 (4th Cir.), *cert. denied*, 454 U.S. 857 (1981). Courts throughout the United States have strictly enforced the seven-day limitation period and have held that where the challenge is to a grand jury selection, the seven-day period begins to run from the date of the indictment. *United States v. Rodriguez*, 588 F.2d 1003, 1009 (5th Cir. 1979); *United States v. Paradies*, 98 F.3d 1266, 1277 (11th Cir. 1996), *cert. denied*, 521 U.S. 1106 (1997); *United States v. Dean*, 487 F.3d 840, 849 (11th Cir. 2007), *cert. denied*, 1285 S.Ct. 1444 (2008); *United States v. Noah*, 475 F.2d 688, 695 (9th Cir.), *cert denied*, 414 U.S. 1095 (1973).

Insofar as defendant's request relates to the formation of the grand jury and the selection procedures, the Court notes that defendant's motion was filed seven months after the original Indictment was returned (and four months after the Superceding Indictment was returned). The filing of the instant motion was well beyond

the seven day limitation period set forth in Title 28, United States Code, Section 1867(a).

As recited in *United States v. Yarborough*, jury records in the Western District of New York are a matter of public record. *United States v. Yarborough*, No. 06-CR-190(A), 2007 WL 962926 (W.D.N.Y. Mar. 28, 2007). In *Yarborough*, the defendant sought an order from the court permitting the disclosure of records pertaining to the formation of the Grand Jury which considered his case. In dismissing defendant's request as moot, the Court stated, "[a] defendant has 'essentially an unqualified right to inspect jury lists' in order to aid in the preparation of motions challenging the jury selection procedures. These records may be obtained by Defendant, upon request, from the Clerk's Office without order of court (and could have been obtained prior to filing Defendant's motion)...." *Yarborough*, 2007 WL 962926, *14. Following the reasoning set forth in *Yarborough*, that portion of defendant's motion seeking the disclosure of grand jury selection documents is DENIED as moot insofar as such documents are available and have been available upon defendant's request to the Clerk's Office.

For the reasons set forth above, the balance of defendant's request for disclosure of the grand jury proceedings is DENIED.

**"Identification"**

The defendant seeks the production of any visual or audio identification procedures utilized in this case. Dkt. #114, ¶¶ 71 and 86. Although the government's response to the defendant's motion does not specifically address the defendant's request for identification procedures, the Court notes that a review of the affidavit of Chautauqua County Sheriff's Department Lieutenant John W. Runkle submitted in support of the electronic eavesdropping warrant reveals that seven of the twelve defendants charged in the Superceding Indictment, including Quentin Leeper, Kevin Mims, Haushaun Leeper, Major Anthony Newton, Roger Allen Leeper, Koran Donell Leeper, and Millicent Leeper, were already known to law enforcement and identified through other investigative techniques as having some level of involvement in this drug distribution enterprise. Notwithstanding the foregoing, the government is hereby directed to provide the defendant with information concerning the visual or audio identification procedures, if any, used in this case. Accordingly, defendant's request for the production of identification procedures is GRANTED.

**"Law Enforcement Documents"**

The defendant is seeking the production of all investigative reports or documents prepared by the United States government relating to the conduct charged in the Superceding Indictment, relied upon by the Grand Jury or intended to be relied upon at trial, including criminal history information relating to any defendant and

potential witness.  In addition, the defendant seeks the production of any documents concerning any alleged offenses underlying the indictment.  Dkt. #114, ¶ 72.

In its response the government agrees to disclose the conviction records of all witnesses it intends to call at trial, as well as the arrest records of each of the defendants.  Dkt. #132, ¶ 7.  With respect to investigative reports, the government indicates that such documents will be produced only insofar as disclosure is required pursuant to the *Jencks* Act.  *Id*. at ¶ 8.  Based upon the government's representations that the conviction records of all defendants and witnesses will be provided and that such further documents will provided consistent with the *Jencks* Act, defendant's request is DENIED as moot.

### "Third Party Documents"

By this request, the defendant seeks the production of documents obtained from banks, financial institutions, utility companies, home services providers, common carriers, telephone records, and records from employers.  Dkt. #114, ¶¶ 73-78.  As a threshold matter, the Court notes that there is no constitutional right to discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  In its response, the government contends that it has provided all the materials in its possession that are within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and accordingly, the government believes that discovery is complete.  Dkt. #132, ¶ 4.  Thus, based upon the government's representation concerning its

compliance with Rules 12(b)(4)(B) and 16, defendant's request for "third party documents" is DENIED as moot.

## "Other Documents"

Defendant's request for "other documents" is essentially, a "catch-all" request seeking "[a]ny other documents in the possession, custody or control or with which by the exercise of due diligence could come within the control of the prosecution that were prepared in connection with this case or are intended to be used in the trial of any of the defendants."  Dkt. #114, ¶ 79.  As noted above, there is no constitutional right to discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Moreover, the government has represented to this Court that it has provided all the materials in its possession that are within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and accordingly, the government believes that discovery is complete.  Dkt. #132, ¶ 4.  Thus, based upon the government's representation concerning its compliance with Rules 12(b)(4)(B) and 16, defendant's request for "other documents" is DENIED as moot.

## "Video/Audio Tapes"

By this request, the defendant is seeking the production of all video or audio tapes made in connection with the investigation.  Dkt. #114, ¶ 81.  As noted above, in its response, the government has stated that all pertinent conversations and transcripts thereof have been provided to defendants.  Dkt. #132, ¶ 4.  In addition,

based upon the record before this Court, the Court is unaware of the existence of any discoverable video recordings.  For the foregoing reasons, defendant's request for video/audio tapes is DENIED as moot.

## **"DAT Tapes"**

This request seeks the production of any tapes created in digital audio tape format.  Dkt. #114, ¶¶ 82-83.  As noted in footnote 4 of the government's response, "[a]s provided in discovery all wiretap conversations are in digital format and contained on a DVD (not tapes) [sic] provided to all defendants."  Dkt. #132, p.15, n.4.  Accordingly, defendant's request for DAT tapes is DENIED as moot.

## **"Photographs, Drawings"**

This request seeks the production of any photographs, charts, graphs, maps or drawings related to the investigation and prosecution of this case.  Dkt. #114, ¶¶ 84-85.  The government states in its response that it has made available all tangible objects obtained pursuant to the search warrants or otherwise and further, that it will make available photographs material to the preparation of a defense or intended to be used at trial.  Dkt. #132, ¶ 6.  Based on the government's representation that all photographs material to the defense or intended to be used at trial will be made available, this request is DENIED as moot.

**"Identification"**

This request is duplicative of a prior request and the parties are referred to that portion of this Court's Decision and Order that addresses identification procedures. *See* p.19, *supra*.

**"Surveillance, Tapes, Photographs"**

Paragraphs 87 through 96 of defendant's motion seek: notice if any evidence was derived, directly or indirectly, from the use of electronic surveillance; copies of all analog video or audio tapes; copies of all digital recordings; data collected in the surveillance process; surveillance logs; video logs; progress reports, amendments, extension applications, related amendment and extension orders and minimization instructions; and all toll and caller identification records. In its response, the government states that it has provided, pursuant to voluntary discovery and requests made by the defendants, the following: the wiretap application, affidavit, warrant, sealing order, search warrant and inventories and affidavits thereto, preliminary laboratory reports, two DVDs containing all pertinent conversations and transcripts. Dkt. #132, ¶ 4. In addition, the government attached to its response to the instant motion copies of a May 9, 2008 letter to all counsel enclosing a CD (DVD) containing intercepted conversations and draft transcripts and an April 4, 2008 memorandum outlining certain discovery items being provided. *See* Dkt. #132-2. Accordingly, based on the government's representation that all discoverable materials

have been provided and that discovery is complete, defendant's requests set forth in paragraphs 87 through 94 of the instant motion are DENIED as moot.

**"Physical Evidence"**

Defendant requests the production of all physical evidence collected or seized in connection with this case, including copies of all property capable of being photocopied or reproduced. Dkt. #114, ¶ 97. The government states in its response that it has made available all tangible objects obtained pursuant to the search warrants or otherwise and further, that it will make available photographs material to the preparation of a defense or intended to be used at trial. Dkt. #132, ¶ 6. Based on the government's representation that all photographs material to the defense or intended to be used at trial will be made available, this request is DENIED as moot.

**"Favorable Information"**

Under the heading "Favorable Information," the defendant seeks, *inter alia*, what can be more specifically classified as *Brady*, *Giglio* and *Jencks* material. Elsewhere in his motion, the defendant specifically seeks *Brady*, *Giglio* and early disclosure of *Jencks* material and the Court has previously addressed those requests. Also under this heading, the defendant seeks more generally, information that would be material to the preparation of his defense. In addition, the defendant seeks the production of information relating to specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which he may use as

impeachment material. Counsel for the government has acknowledged his affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses. Moreover, counsel for the government further acknowledges his continuing duty to produce such material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). With respect to the defendant's request for evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609, impeachment material, the government states that it will provide such information "consistent with its disclosure of <u>Jencks</u> material." Dkt. #132, ¶ 13. Finally, as previously noted elsewhere in this Decision and Order, the government contends that it has previously produced material in its possession which falls within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B). Dkt. #132, ¶ 4. Accordingly, based on the representations made by counsel for the government, the defendant's request for "favorable information" is DENIED as moot.

**"Impeaching Information"**

In his request entitled "impeaching information," the defendant seeks information which could be utilized for the impeachment of prosecution witnesses, including, conviction records of trial witnesses and police personnel records or information revealing prior misconduct on the part of any witness. In addition, by this request the defendant seeks information concerning any favorable treatment a witness may have received, prior testimony of any such witnesses and informant information. Dkt. #114, ¶¶ 106-113. As noted above, the government has agreed to disclose the conviction records at trial of all witnesses it intends to call to testify at trial. The

government further stated that it will provide evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which may be used as impeachment material, "consistent with its disclosure of Jencks material."  Dkt. #132, ¶ 13.

Moreover, in response to several other requests, counsel for the government has acknowledged his affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses.  Finally, in its response, the government states, "[t]he government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the Jencks Act material."  Dkt. #132, ¶ 16. Based on the representations made by counsel for the government, with respect to its obligations to produce impeachment material, *Brady* material and *Jencks* Act material, the defendant's request is DENIED as moot.

In response to that portion of defendant's request for "police personnel records," the government states,

> [t]he government is unaware of any instance of conduct located in the personnel files of any prospective government witness **who is employed by the United States** which would provide exculpatory or favorable information to the defendant as suggested by defendants Quentin J. Leeper or

-26-

Major Anthony Newton.  The disclosure of such information, if it exists, is predicated upon a showing of materiality by the defendant as a pre-condition to its disclosure.  Any ambiguities regarding disclosure should be resolved by the Court in camera.

Dkt. #132, ¶ 11 (emphasis added).  The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses regardless of the witnesses' employer.  In other words, the language in the government's response which purports to limit its obligation to only those witnesses employed by the United States is incorrect.  Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their employer, is conducted and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.

**"Alleged Prior Misconduct"**

By this request, the defendant is seeking the disclosure of evidence of other crimes, wrongs or acts intended to be used against any defendant pursuant to Federal Rule of Evidence 404(b) "or any other premise" and any alleged criminal or immoral conduct on the part of any defendant intended to be used in the examination of any defendant who may testify at trial.  Dkt. #114, ¶¶ 114-115.  In its response, the government does notify the defendants of its intention to offer proof during its case-in-chief of such crimes, wrongs and acts and that such proof is both relevant and

admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. In addition, the government states that it will provide this information consistent with its disclosure of *Jencks* material. Dkt. #132, ¶ 13. Based on the representations made by counsel for the government, defendant's request is DENIED as moot.


## **"Joinder"**

The defendant seeks to join in any and all motions made on behalf of the co-defendants. Dkt. #114, ¶ 122. This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.


## **"Motion for Leave to Make Further Motions"**

The defendant states, "[y]our deponent has made every attempt to encompass within the above pleadings all requests for relief. However, it is entirely possible that as the investigation continues or as a result of any relief granted from this pleading or the governments [sic] response reveals the need to file additional motions [sic]." Dkt. #114, ¶ 123. This request is GRANTED provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

## The Government's Reciprocal Fed. R. Crim. P. 16(b) Request

The government has requested that the defendant permit it to inspect and copy various books, records, papers, documents, photographs and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           September 2, 2009


                                        **s/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**